UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON CAYETTE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 15-692-SDD-RLB** |
| **PNK (BATON ROUGE) PARTNERSHIP** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 19, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MILTON CAYETTE** | **CIVIL ACTION** |
| **VERSUS** | |
| **PNK (BATON ROUGE) PARTNERSHIP** | **NO. 15-692-SDD-RLB** |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Strike Affirmative Defenses and Request for a Jury Trial in Defendant PNK (Baton Rouge) Partnership's Answer (R. Doc. 7). The motion is opposed. (R. Doc. 10). Plaintiff has filed a Reply. (R. Doc. 16).

**I.   Background**

On October 16, 2015, Milton Cayette ("Plaintiff"), an amputee who requires the use of a wheelchair or walker for mobility, filed this action in the United States District Court for the Middle District of Louisiana, naming as defendant PNK (Baton Rouge) Partnership ("Defendant"). (R. Doc. 1, "Compl."). Plaintiff alleges that on several occasions he has visited L'Auberge Casino Baton Rouge ("the Property"), a location subject to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and experienced serious difficulty accessing and utilizing the goods and services due to architectural barriers. (Compl. ¶¶ 11-18). Plaintiff alleges that the Property must comply with the ADA's 2010 standards for new construction, or in the alternative, the 1991 ADA Accessibility Standards for new construction. (Compl. ¶¶ 20-21). Plaintiff alleges that the alterations to these barriers, in order to bring them into compliance with the ADA, would not unduly burden Defendant. (Compl. ¶ 22).

1

On November 12, 2015, Defendant filed an Answer to Plaintiff's Complaint, asserting nineteen affirmative defenses and demanding a jury trial. (R. Doc. 4).

On December 3, 2015, Plaintiff filed the instant motion seeking to strike certain of Defendant's affirmative defenses and request for a jury trial.[1] (R. Doc. 7).  Plaintiff argues "that Defendant's affirmative defenses fail on the grounds that they are 1) legally insufficient, 2) impertinent, and/or 3) redundant" and that "Defendant is not entitled to a jury trial because Plaintiff is limited to equitable relief in this action under Title III of the Americans with Disabilities Act." (R. Doc. 7 at 1).

In opposition, Defendant asserts that its affirmative defenses are valid, but voluntarily withdraws its Second Affirmative Defense, Sixteenth Affirmative Defense, and its request for a jury trial.  (R. Doc. 10-1 at 1-2).

In reply, Plaintiff contends that unless Defendant amends its answer to remove its Second Affirmative Defense, Sixteenth Affirmative Defense, and its request for a jury trial, they must be struck from the Answer. (R. Doc. 16 at 1-2).  In addition, Plaintiff withdraws its motion to strike Defendant's Third Affirmative Defense and Eighth Affirmative Defense.  (R. Doc. 16 at 2).

**II.**     **Law and Analysis**

    **A.**     **Motion to Strike Affirmative Defenses**

Federal Rule of Civil Procedure 12(f) authorizes district courts to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1051 (5th Cir. 1982), *cert. denied*, 459 U.S. 1105

---

[1] The Motion to Strike (R. Doc. 7) addresses the request for a jury trial, as well as affirmative defenses 2, 3, 4, 5, 6, 8, 9, 11, 12, 15, 16, and 17.

2

(1983). A motion to strike is a "'drastic remedy' that is 'disfavored' by courts and generally require a showing of prejudice to the moving party." *Becnel v. Mercedes-Benz USA, LLC*, No. 14-0003, 2014 WL 4450431 (E.D. La. Sept. 10, 2014). The Fifth Circuit has held that "[a]n affirmative defense is not valid if it appears to a certainty that the plaintiff would succeed despite any set of facts which could be proved in support of the defense." *EEOC v. First Nat. Bank of Jackson*, 614 F.2d 1004, 1008 (5th Cir. 1980) (citation omitted). If, however, "there is any doubt as to whether under any contingency the matter may raise an issue, the motion should be denied." *Pan Am. Life Ins. Co. v. Blanco*, 311 F.2d 424, n. 13 (5th Cir. 1962) (citation omitted).

The Fifth Circuit has stated that an "affirmative defense is subject to the same pleading requirements as is the complaint," thus requiring the defendant to plead defenses "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). After the *Woodfield* decision, the Supreme Court interpreted the pleading standards for complaints found in Rule 8(a)(2) as requiring more than "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Instead, a complaint must "state a claim to relief that is plausible on its face" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

In an opinion issued after the *Twombly* decision, the Fifth Circuit applied the "fair notice" standard as the requirement for pleading affirmative defenses. *See Rogers v. McDorman*, 521 F.3d 381, 385 (5th Cir. 2008). The district judge in this action has subsequently employed the "fair notice" standard in determining whether to strike affirmative defenses. *See Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, No. 15-254-SDD-RLB, 2015 WL 7573216,

3

at *1 (M.D. La. Nov. 25, 2015).  Accordingly, the court applies the "fair notice" standard in addressing Defendant's affirmative defenses.

Title III of the ADA requires an entity operating "public accommodations" to make "reasonable modifications" in its policies "when . . . necessary to afford such . . . accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such . . . accommodations." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 661 (2001); 42 U.S.C. § 12182(b)(2)(A)(ii).  Title III prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

        **1.**    **Second and Sixteenth Affirmative Defenses**

Defendant's second affirmative defense asserts the following: "PNK at all times acted in good faith in connection with its construction of the Baton Rouge facility." (R. Doc. 4 at 1).

Defendant's sixteenth affirmative defense asserts the following:  "At all times relevant to the Complaint, PNK has acted based on its good faith reliance on and interpretations of applicable law, which reliance and interpretations preclude any recovery hereunder." (R. Doc. 4 at 3).

Defendant has offered to voluntarily withdraw its second and sixteenth affirmative defenses. (R. Doc. 10 at 1).  Accordingly, it is recommended that the court **STRIKE** the second and sixteenth affirmative defenses from the Answer.

## 2. Fourth and Fifth Affirmative Defenses

Defendant's fourth affirmative defense asserts the following: "Plaintiff lacks standing to seek relief under the ADA with respect to site conditions that do not affect his disability." (R. Doc. 4 at 1).

Defendant's fifth affirmative defense asserts the following: "Plaintiff lacks standing to seek injunctive relief because he is under no threat of imminent harm." (R. Doc. 4 at 2).

Lack of standing is not a valid affirmative defense, as the burden of proving standing falls on the plaintiff. *See Miraglia v. Supercuts, Inc.*, No. 15-3017, 2015 WL 7451208, at *3 (E.D. La. Nov. 23, 2015); *Dodson v. CSK Auto, Inc.*, 2013 WL 3942002, at *4 (E.D. Cal. Jul. 30, 2013). Defendant has raised no opposition to Plaintiff's motion with regard to these two affirmative defenses. Accordingly, it is recommended that the court **STRIKE** the fourth and fifth affirmative defenses from the Answer.

## 3. Third and Eighth Affirmative Defenses

Defendant's third affirmative defense asserts the following: "PNK at no time discriminated against Plaintiff or any single individual on any basis whatsoever." (R. Doc. 4 at 1).

Defendant's eighth affirmative defense asserts the following: "The design of Defendant's facility is in full compliance with the 1991 ADA Standards For Accessible Design." (R. Doc. 4 at 2).

Plaintiff has withdrawn his motion with regard to Defendant's third and eighth affirmative defenses, notwithstanding his assertion that "these are not truly valid defenses, but rather, redundant denials." (R. Doc. 16 at 2). Accordingly, it is recommended that the court **DENY** Plaintiff's motion as to Defendant's third and eighth affirmative defenses.

5

### 4. Sixth Affirmative Defense

Defendant's sixth affirmative defense asserts the following: "Plaintiff's claims are barred to the extent that they impose upon PNK obligations for which PNK is not legally responsible." (R. Doc. 4 at 2).

Plaintiff argues that "this defense fails because intervening/superseding causes, events, or the acts of third persons do not provide a defense to federal disability access claims." (R. Doc. 7-1 at 5). Plaintiff argues that as owner of the Property, Defendant is liable pursuant to 42 U.S.C. § 12182(a) regardless of third-party liability. (R. Doc. 7-1 at 6).

In opposition, Defendant argues that the defense should not be struck because the phrase "obligations for which PNK is not legally responsible" has a broader reach than third-party liability. (R. Doc. 10 at 4). As an example, Defendant argues that even if PNK is found to be in violation of Title III of the ADA, it may not be legally obligated to correct the deficiencies if such corrections are not readily achievable or result in a fundamental alteration. (R. Doc. 10 at 4).

In reply, Plaintiff contends that the defense is "incredibly broad and vague" and "[t]o the extent that PNK intends for this defense to mean something else other than third-party liability, PNK should, at a minimum, be required to amend the defense to clarify its actual meaning." (R. Doc. 16 at 2).

This asserted defense is not a true affirmative defense as those listed in Rule 8(c), as it solely asserts that Plaintiff's claims are legally insufficient to the extent Defendant is not "legally responsible" for the claims asserted. While mislabeled as an "affirmative defense," the inclusion of this broad denial of liability as an "affirmative defense" is merely redundant of Defendant's denials of liability and does not prejudice Plaintiff. The "drastic remedy" of striking this asserted

6

defense is unwarranted. *See Nickens v. State Employees Credit Union, Inc.*, No. 13-1430, 2014 WL 3846060, at *3 (D. Md. Aug. 4, 2014) (denying motion to strike asserted affirmative defense that the "Defendants are not legally responsible for any injuries or damages allegedly sustained by Plaintiff about which she complaints" under the heightened pleading standard of *Twombly* and *Iqbal*).

Accordingly, it is recommended that the court **DENY** Plaintiff's motion as to Defendant's sixth affirmative defense.

### 5. Ninth Affirmative Defense

Defendant's ninth affirmative defense asserts the following: "PNK did not design or construct the facility in question." (R. Doc. 4 at 2).

Plaintiff argues that the fact that PNK did not design or construct the Property is immaterial because liability is limited to a person "who owns, leases (or leases to), or operates a place of public accommodation" as provided in 42 U.S.C. § 12182(a).

In opposition, Defendant relies upon *Whitaker v. West Village Ltd. Partnership*, No. 03-411, 2004 WL 1778963, at *2-3 (N.D. Tex. Aug. 4, 2004), in asserting that there is a circuit split on the issue of whether the designers and/or constructors of a property can be held liable for ADA violations. (R. Doc. 10 at 4). In *Whitaker*, the district court noted that some courts, including the Eighth Circuit, have extended the reach of liability for "design and construct" discrimination beyond the owners, lessors or lessees, and operators identified in Section 12182(a), whereas other courts, including the Ninth Circuit, limit potential liability to those specifically identified in Section 12182(a). *Id*. at *2. In following the latter line of cases, the *Whitaker* court dismissed a Title III action brought against an architect that wasn't the owner, lessor or lessee, or operator as define in Section 12182(a). *Id*. at *2-3.

7

In reply, Plaintiff notes that the *Whitaker* decision limited liability to those identified in Section 12182(a), and even if designers and constructers could be additionally held liable under Title III, such third-party liability would not shield Defendant from liability. (R. Doc. 16 at 3).

There is no clear decision by the Fifth Circuit regarding designer and constructor liability under Title III of the ADA or whether third-party liability of a designer or constructor could shield Defendant from liability under Title III as an owner, or provide an additional avenue of recovery if Defendant was a designer or constructor. What is clear is that there is no stipulation in the record that Defendant did not design or construct the property at issue. As it is unsettled whether the assertion of this defense by an actual designer or constructor of property would be available, it would be premature to strike this defense in the absence of such a stipulation. Furthermore, the court finds no prejudice to Plaintiff by the inclusion of this defense in the Answer.

Accordingly, it is recommended that the court **DENY** Plaintiff's motion as to Defendant's ninth affirmative defense.

### 6. Eleventh Affirmative Defense

Defendant's eleventh affirmative defense asserts the following: "Assuming any violations are ultimately found to exist, which is denied, any deviations from the applicable guidelines are *de minimis* and within construction and/or manufacturing tolerances." (R. Doc. 4 at 2).

Plaintiff challenges this affirmative defense to the extent it purports that *de minimis* violations of Title III do not constitute violations of Title III. (R. Doc. 7-1 at 7). Plaintiff concedes that he is not challenging the affirmative defense to the extent it concerns deviations from the applicable guidelines that are within "construction and/or manufacturing tolerances." (R. Doc. 16 at 3-4).

8

The Eastern District of Louisiana has struck a *de minimis* affirmative defense raised under similar circumstances. *See Miraglia*, 2015 WL 7451208 at *2. In *Miraglia*, the defendant asserted as an affirmative defense that the plaintiff's claims were barred "to the extent the claimed violations are de minimis and non-actionable because they do not materially impair Plaintiff's use of the Property for its intended purpose." *Id*. at 2. The court held that "even purported de minimis violations are violations of the ADA," noting that the defendant "failed to present any law establishing an affirmative defense for de minimis violations." *Id*.; *see Figueroa v. Restaurants L.P.*, No. 12-766, 2012 WL 2373249 at *4 (C.D. Cal. Jun. 22, 2012) (("The ADA requires strict adherence to its provisions, and compliance with the spirit of the ADA does not excuse noncompliance with its provisions.") (quoting *Chapman v. Pier 1 Imports Inc.*, 631 F. 3d 939, 945 (9th Cir. 2011)).

While *de minimus* non-compliance with the ADA's provisions may not be an affirmative defense, Defendant's eleventh affirmative defense puts Plaintiff on notice of an asserted defense that it may escape liability if "any deviations from the applicable guidelines are *de minimis* **and** within construction and/or manufacturing tolerances."  (R. Doc. 4 at 2) (emphasis added).  In other words, Defendant merely asserts that it has a defense to the extent the deviations are within the tolerances recognized by the applicable regulations, including, if ultimately applicable, the 1991 Americans with Disabilities Act Accessibility Guidelines for Buildings and Facilities ("ADAAG"), codified in 28 C.F.R. Part 36, App. A.  Where such deviations are allowed by the applicable regulations, the defendant may still be in compliance with the ADA.

Several courts have refused to strike such a defense based on "de minimis" deviation from ADAAG standards based on dimensional tolerances. *See*, *e.g.*, *Kohler v. Big 5 Corp.*, No. 12-00500, 2012 WL 1511748, at *4 (C.D. Cal. Apr. 30, 2012); *Independent Living Resources v.*

9

*Or. Arena Corp.*, 1 F. Supp. 2d 1124, 1135 (D. Or. 1998); *see also Parr v. L & L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1086, n. 26 (D. Haw. 2000) (noting that "in certain instances injunctive relief may not be appropriate for violations of ADAAG Standards that are deemed to be de minimis.").

Accordingly, it is recommended that the court **DENY** Plaintiff's motion as to Defendant's eleventh affirmative defense.

### 7. Twelfth Affirmative Defense

Defendant's twelfth affirmative defense asserts the following: "The removal of alleged access barriers complained of in the Complaint are not readily achievable." (R. Doc. 4 at 3).

Plaintiff argues that this alleged affirmative defense is "nothing more than a mere denial of an element of [Plaintiff's] prima facia case, and is properly addressed either through a denial or a motion to dismiss, not through an affirmative defense." (R. Doc. 7-1 at 8-9). The court agrees. The Fifth Circuit has held that "the plaintiff bears the ultimate burden of proof on the issue" of whether a modification is readily achievable. *Johnson v. Gambrinus Company/ Spoetzl Brewery*, 116 F.3d. 1052, 1059 (5th Cir. 1997). Accordingly, at least one district court in the Fifth Circuit has struck a similarly-asserted defense on the basis that it is "not an affirmative defense, but instead is a redundant denial." *Schlesinger v. Hasco Thibodaux, LLC*, No. 13-6237, 2014 WL 527657, at *3 (E.D. La. Feb. 7, 2014).

Here, the defense appears redundant to Plaintiff's denials to Paragraphs 19, 22, and 23 of the Complaint, which assert that removal of the barriers at issue is "readily achievable." (R. Doc. 1 at 5; R. Doc. 4 at 7). While this defense is redundant, it is unclear to the court how this defense prejudices Plaintiff, who concedes he bears the burden of proving that certain modifications were readily achievable. *See Rapp v. Lawrence Welk Resort*, No. 12-01247, 2013 WL 358268, at *5

10

(S.D. Cal. Jan. 28, 2013) (denying motion to strike "not readily achievable" defense). Plaintiff's concern that such a defense would needlessly expand discovery or resources is unfounded.

Accordingly, it is recommended that the court **DENY** Plaintiff's motion as to the twelfth affirmative defense.

### 8. Fifteenth Affirmative Defense

Defendant's fifteenth affirmative defense asserts that following: "Plaintiff has failed to take remedial steps to mitigate, alter or otherwise reduce his alleged damages, including attorney's fees and costs, and any damages and/or fees and costs awarded to Plaintiff should be reduced accordingly." (R. Doc. 4 at 3).

Plaintiff argues that this defense fails as a matter of law because he "could not 'mitigate' the fact that architectural barriers at the Property impeded his ability to access the Property" and because the remedies available under Title III are limited to declaratory and injunctive relief. (R. Doc. 7-1 at 9). In opposition, Defendant argues that mitigation is relevant to the issue of the award of attorney's fees. (R. Doc. 10 at 7-8).

At this early stage in the litigation, it is unclear to what extent, if any, discovery will demonstrate that Plaintiff knowingly encountered the barriers to maximize his damages. *See Rapp*, No. 12-01247, 2013 WL 358268, at *7 (denying motion to strike "failure to mitigate" defense). Furthermore, Plaintiff has not demonstrated that the defense of mitigation is not relevant to the issuer of a potential award of attorney's fees in a Title III action.

Accordingly, it is recommended that the court **DENY** Plaintiff's motion as to the fifteenth affirmative defense.

### 9. Seventeenth Affirmative Defense

Defendant's seventeenth affirmative defense asserts the following: "Plaintiff's recovery in this action is barred because PNK's alleged acts and/or omissions did not actually constitute a denial of full and equal access to the property at issue for physically disabled persons." (R. Doc. 4 at 3).

Plaintiff argues that this affirmative defense should be struck because it asserts a defense based on *de minimis* violations of the ADA. (R. Doc. 7-1 at 10).  The court notes that the defense, as worded, does not allege any de minimus exception and is instead worded as a complete denial of any deprived full and equal access.  In opposition, Defendant argues that this "is a recognized affirmative defense that can absolve a defendant in an ADA Title III case of some liability" because the court "can excuse technical noncompliance" where the plaintiff can access the property notwithstanding the barrier. (R. Doc. 10 at 8).  In reply, Plaintiff characterizes the asserted defense as implying that the barriers may be "close" to compliance or provide access to the property "to some extent." (R. Doc. 16 at 6).

This defense puts Plaintiff on notice that Defendant is asserting that it is not liable to the extent strict compliance with the applicable standards under the ADA is not readily achievable and that the challenged accommodations still allowed full access.  Despite Plaintiff's characterizations, the affirmative defense is essentially a denial that Defendant has not provided "full and equal" access to Defendants' facility in violation of 42 U.S.C. § 12182.  In effect, this affirmative defense is a redundant denial.  Plaintiff has not demonstrated any prejudice should this defense not be struck from the record.

 Accordingly, it is recommended that the court **DENY** Plaintiff's motion as to the seventeenth affirmative defense.

B.     **Strike Defendant's Demand for Jury Trial**

Defendant demands a jury trial in his Answer.  (R. Doc. 4 at 8).

Plaintiff is a private individual seeking injunctive relief under Title III of the ADA pursuant to 42 U.S.C. § 12188(a).  The only remedies available to him are injunctive relief and the recovery of attorney's fees and costs. 42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(a). Accordingly, courts have held that plaintiffs are not entitled to a jury trial on Title III claims.  *See Clement v. Satterfield*, 927 F. Supp. 2d 297, 318 (W.D. Va. 2013); *English v. Que Linda, Inc.,* No. 10-237, 2010 WL 4220242, at *2 (E.D. Tenn., Oct. 20, 2010); *Harty v. Tathata, Inc.,* No. 5:10-00113, 2010 WL 3186883, at *1 (E.D.N.C. Aug. 11, 2010); *Sharer v. Oregon,* No. 04-1690, 2007 WL 3348265, at *3 (D. Or. Nov. 6, 2007); *Hobleman v. Kentucky Fried Chicken,* 260 F. Supp. 2d 801, 805 (D. Neb. 2003).

Here, Defendant has offered to voluntarily withdraw its jury demand. (R. Doc. 10 at 1). In the absence of any opposition, it is recommended that the court **STRIKE** Defendant's demand for jury trial from the Answer.

**III.    Conclusion**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion to Strike (R. Doc. 7) be **GRANTED IN PART and DENIED IN PART**.  As set forth above, **IT IS RECOMMENDED** that the district judge **STRIKE** Defendant's second, fourth, fifth, and sixteenth affirmative defenses, as well as Defendant's demand for jury trial.

Signed in Baton Rouge, Louisiana, on May 19, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

13